UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
CHRISTOPHER CLOKE-BROWNE,                        :
                                                 :
                Plaintiff,           :    No. 10 Civ. 2249 (LTS)
                                                 :
      v.                                         :
                                                 :
BANK OF TOKYO-MITSUBISHI UFJ, LTD.,              :
MITSUBISHI UFJ FINANCIAL GROUP,                  :
HIDEYUKI TORIUMI, MASAHIRO HOSOMI,               :
KYOTA OMORI, TIMOTHY S. TRACEY,                  :
RANDALL C. CHAFETZ, and ANTHONY                  :
MOON in their official and individual capacities, :
                                                 :
                Defendants.          :
------------------------------------------------------------------ X

**SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER OPPOSITION TO
DEFENDANTS' MOTION TO DISMISS**

THOMPSON WIGDOR & GILLY LLP

Douglas H. Wigdor
David E. Gottlieb
85 Fifth Avenue
New York, NY 10003
Telephone: (212) 257-6800
Facsimile: (212) 257-6845
dwigdor@twglaw.com
dgottlieb@twglaw.com

*Counsel for Plaintiff*

## **TABLE OF CONTENTS**

TABLE OF AUTHORITIES ................................................................................................................ ii

PRELIMINARY STATEMENT ........................................................................................................ 1

STATEMENT OF FACTS ................................................................................................................. 1

ARGUMENT ...................................................................................................................................... 2

   I.  SECTION 929A ONLY CLARIFIES THAT SECTION 806 OF SOX APPLIES TO PRIVATE SUBSIDIARIES OF PUBLIC COMPANIES ........................................................ 2

   II.  IF SECTION 929A IS NOT A MERE CLARIFICATION, SECTION 929A SHOULD BE APPLIED RETROACTIVELY ............................................................................................ 4

CONCLUSION ................................................................................................................................... 5

# TABLE OF AUTHORITIES

**CASES**

*Fraser v. Fiduciary Trust Co. International*,
　　No. 04 Civ. 6958, 2009 U.S. Dist. LEXIS 75565 (S.D.N.Y. Aug. 25, 2009) ...................2

*Gonzalez v. Colonial Bank*,
　　2004-SOX-39 (ALJ Aug. 20, 2004) ...............................................................................3

*Hughes Aircraft Co. v. U.S.*,
　　520 U.S. 939 (1997)..........................................................................................................5

*Landgraf v. USI Film Products*,
　　511 U.S. 244 (1994)......................................................................................................4, 5

*Lawson v. FMR LLC*,
　　No. 08 Civ. 10466, 2010 U.S. Dist. LEXIS 31258 (D. Mass March 30, 2010) .................3

*Johnson v. Siemens Blg. Techs, Inc.*,
　　ARB No. 08-032, ALJ No. 2005-SOX-015 (ARB Apr. 15, 2010).....................................2

*Martin v. Hadix*,
　　527 U.S. 343 (1999)..........................................................................................................4

*Morefield v. Exelon Services, Inc.*,
　　No. 2004-SOX-00002 (A.L.J. Jan. 28, 2004) ...................................................................3

*Walters v. Deutsche Bank AG*,
　　No. 2008-SOX-070 (A.L.J. Mar. 23, 2009).......................................................................3

*Wily v. Administrative Review Board*,
　　423 F.3d 483 (5th Cir. 2005) ............................................................................................2

**MISCELLANEOUS AUTHORITIES**

18 U.S.C. § 1514A(a)(1).................................................................................................................2

S. Rep. No. 111-176 (2010) ...................................................................................................2, 4, 5

**PRELIMINARY STATEMENT**

Plaintiff Christopher Cloke-Brown respectfully submits this Supplemental Memorandum of Law pursuant to the Court's order dated September 23, 2010, in further opposition to Defendants' motion to dismiss.  This Supplemental Memorandum of Law is submitted to brief the Court on Section 929A of the Dodd-Frank Wall Street Reform and Consumer Protection Act ("DFA") [1] which was enacted on July 21, 2010 and clarifies that subsidiaries of publicly traded companies, such as Defendant Bank of Tokyo-Mitsubishi UFJ ("BTMU") in the matter at bar, are covered under the whistleblower provisions of the Sarbanes-Oxley Act of 2002 ("SOX").

**STATEMENT OF FACTS** [2]

Mr. Cloke-Brown was employed as a Senior Vice President by BTMU, a wholly owned subsidiary of MUFG (collectively the "Company"), from on or about March 2, 2007 until May 1, 2009 in the Credit Portfolio Management Division for the Americas.  Compl. ¶¶ 6, 7.  During his employment with BTMU, Mr. Cloke-Brown repeatedly warned management, including but not limited to the individual Defendants, both verbally and in writing about serious violations of the securities laws which implicated shareholder fraud.  *Id.* ¶ 76.  Mr. Cloke-Brown informed Defendants of improper risk calculations and public reporting of its risk levels, recommended a "deal screening" of a proposal to add exposure to a financially weak subsidiary of a major company, and expressed concern about the risk from investment in AIG.  *Id.* ¶ 76, 77, 78.  As a

---

[1]  Section 929A reads in full, "Section 1514A of title 18, United States Code, is amended by inserting 'including any subsidiary or affiliate whose financial information is included in the consolidated financial statements of such company' after 'the Securities Exchange Act of 1934 (15 U.S.C. 78o(d))'".

[2]  For a more complete recitation of the facts of the case, please refer to Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss.

direct result of his complaints, Mr. Cloke-Brown's role with the Company was marginalized, his employment was terminated, and he was denied guaranteed bonuses. *Id.* ¶ 80 – 89.

## ARGUMENT

**I.   SECTION 929A ONLY CLARIFIES THAT SECTION 806 OF SOX APPLIES TO PRIVATE SUBSIDIARIES OF PUBLIC COMPANIES**

Section 929A of the DFA simply clarifies that the whistleblower provisions of SOX apply to subsidiaries of publicly traded companies. This clarification is consistent with the purpose behind SOX to "protect investors, [] enhance public disclosure by improving the quality and transparency of financial reporting and auditing" and protect employees from retaliation after reporting instances of fraud or violations of securities laws. *See Johnson v. Siemens Blg. Techs, Inc.*, ARB No. 08-032, ALJ No. 2005-SOX-015 (ARB Apr. 15, 2010); *Fraser v. Fiduciary Trust Co. Int'l*, No. 04 Civ. 6958, 2009 U.S. Dist. LEXIS 75565 (S.D.N.Y. Aug. 25, 2009) (citing 18 U.S.C. § 1514A(a)(1)).

Congress was unambiguous that the DFA merely clarifies the existing scope of SOX's whistleblower protections, rather than creating new obligations. *See* S. Rep. No. 111-176, at 114 (2010) ("[Section 929A] [a]mends Section 806 of the Sarbanes-Oxley Act of 2002 to **make clear** that subsidiaries and affiliates of issuers may not retaliate against whistleblowers.") (emphasis added), Ex. A; *see also Wily v. Administrative Review Bd.*, 423 F. 3d 483, 489 n.11 (5th Cir. 2005) (interpreting the phrase "makes clear" in the 1992 Energy Policy Act to mean that "Congress intended the amendments to codify what it thought to be the law already"). More specifically, Section 929A was passed to clarify the incorrect judicial and administrative application of Section 806 of SOX which had in some instances shielded private subsidiaries for their retaliatory acts. *See* S. Rep. No. 111-76, at 114 (2010) ("[t]he language of [Sarbanes-Oxley] may be read as providing a remedy only for retaliation by the issuer…[and] this

2

**clarification** would eliminate a defense now raised in a substantial number of actions brought by whistleblowers.") (emphasis added), Ex. A; *see also* Letter from Sen. Patrick Leahy *et al.* to Secretary Chao (Sept. 9, 2008) (stating, in reference to Section 806 of SOX, that, "[w]e want to point out, as clearly and emphatically as we can, that there is simply no basis to assert, given this broad language, that employees of subsidiaries of the companies identified in the statute were intended to be excluded from its protections."), Ex. B; Letter from Sen. Patrick Leahy *et al.* to Hon. Hilda L. Solis (October 6, 2010) (stating, "we have been frustrated by the executive branch's overly restrictive interpretation . . . [but w]e are optimistic that the recently passed [DFA] will clarify any remaining confusion on this point."), Ex. C).

However, despite the incorrect interpretation of SOX by come courts and administrative agencies, others have applied its protections to employees of private subsidiaries of publicly traded companies. *See e.g.*, *Lawson v. FMR LLC*, NO. 08-10466-DPW, 2010 U.S. Dist. LEXIS 31258 at *43, 53 (D. Mass March 30, 2010) (applying Section 806 to private subsidiaries); *Walters v. Deutsche Bank AG*, ALJ No. 2008-SOX-070 (A.L.J. Mar. 23, 2009) (holding SOX protects employees of every part of publicly traded companies including private subsidiaries); *Morefield v. Exelon Servs., Inc.*, No. 2004-SOX-00002 (A.L.J. Jan. 28, 2004) (holding private subsidiaries must be covered by SOX to give effect to the goal of protecting whistleblowers); *Gonzalez v. Colonial Bank*, 2004-SOX-39 (ALJ Aug. 20, 2004) ( "Congress intended to give whistleblower protection to employees of private subsidiaries of publicly traded companies").

Section 929A was simply intended to clarify SOX and remove a wrongfully created loophole that had shielded wrongdoers. Section 929A does not raise any issue of retroactivity as it is a mere clarification of existing law. Therefore, the whistleblower provisions of SOX apply to private subsidiaries of public companies, such as BTMU in the matter at bar.

## II. IF SECTION 929A IS NOT A MERE CLARIFICATION, SECTION 929A SHOULD BE APPLIED RETROACTIVELY

From the foregoing, it is plainly evident that Section 929A of the DFA does not create a substantive change in the law, but merely clarifies that the whistleblower protections of SOX extend to private subsidiaries of public companies.  However, even assuming *arguendo* that the Court disagrees, Section 929A should be applied retroactively.  The Supreme Court has developed a two-prong test to determine if a statute applies retroactively.  First, the court must determine "whether Congress has expressly prescribed the statute's proper reach." *Landgraf v. USI Film Prods.*, 511 U.S. 244 (1994).  Second, the court must determine "whether the application of the statute to the conduct at issue would result in retroactive effect" in the sense of "affecting substantive rights, liabilities, or duties [on the basis of] conduct arising before enactment." *Landgraf*, 511 U.S. at 280.  If the statute fails both prongs, the presumption against retroactivity applies.  *See Martin v. Hadix*, 527 U.S. 343, 352 (1999).

In determining the temporal scope of a statute, courts look beyond the plain text of the statute.  *See Landgraf*, 511 U.S at 262-263 n. 15 (examining legislative history to determine the temporal scope of a statute).  As discussed above, the legislative history of the DFA explicitly shows that Congress intended only to clarify Section 806 and not to expand the statute's reach.  *See supra*, S. Rep. No. 111-176 at 114 ("[Section 929A] [a]mends Section 806 of the Sarbanes-Oxley Act of 2002 to **make clear** that subsidiaries and affiliates of issuers may not retaliate against whistleblowers.") (emphasis added); Letter from Sen. Patrick Leahy and Sen. Charles E. Grassley to Secretary Chao, Ex. B.  Thus, because Section 929A is a mere clarification of SOX, the first prong of the *Landgraf* test has been met.

The crux of the second *Landgraf* prong is that application of new law should not offend "elementary considerations of fairness dictating that individuals should have an opportunity to

4

know what the law is and to conform their conduct accordingly." *Landgraf* at 265.  *See, e.g. Hughes Aircraft Co. v. U.S.*, 520 U.S. 939 (1997) (denying retroactivity where substantive changes to law were enacted).  However, Section 929A does not materially alter SOX in any manner.  Section 929A simply closes a loophole, created by some courts, to limit the liability of private subsidiaries.  *See supra*, S. Rep. No. 111-176 at 114.  Defendants have always been on notice that SOX applies to private subsidiaries and no legitimate concerns of fairness are present.

To the extent the Court disagrees that Section 929A merely clarifies existing law, it should be applied retroactively.  Congress intended 929A to apply to pending cases and Defendants had full notice that private subsidiaries were liable under existing law.  Thus, 929A should be applied retroactively and apply to BTMU in the matter at bar.

## CONCLUSION

On the basis of the foregoing, Plaintiff respectfully requests that the Court apply Section 929A of the DFA to the matter at bar, including but not limited to in consideration of Defendants' motion to dismiss.  Plaintiff further respectfully requests that Defendants' motion to dismiss be denied in its entirety.

Dated: New York, New York          Respectfully submitted,
       October 12, 2010

                                   THOMPSON WIGDOR & GILLY LLP

                                   By: _____
                                       Douglas H. Wigdor
                                       David E. Gottlieb
                                   85 Fifth Avenue
                                   New York, NY 10003
                                   Telephone: (212) 257-6800
                                   Facsimile: (212) 257-6845
                                   dwigdor@twglaw.com
                                   dgottlieb@twglaw.com

                                   *Counsel for Plaintiff*

5