**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

| | |
|---|---|
| CHRISTOPHER CLOKE-BROWNE, : | |
| : | Case No.: 10-cv-02249 (LTS) |
| Plaintiff, : | |
| : | |
| v. : | **PROPOSED CASE** |
| : | **SCHEDULING ORDER AND** |
| BANK OF TOKYO-MITSUBISHI UFJ, LTD., : | **PRELIMINARY PRE-TRIAL** |
| MITSUBISHI UFJ FINANCIAL GROUP, HIDEYUKI : | **STATEMENT** |
| TORIUMI, MASAHIRO HOSOMI, KYOTA OMORI : | |
| TIMOTHY S. TRACEY, RANDALL C. CHAFETZ, and : | |
| ANTHONY MOON in their official and individual : | |
| capacities, : | |
| : | |
| Defendants. : | |
| : | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

Plaintiff Christopher Cloke-Browne and Defendants The Bank of Tokyo-Mitsubishi UFJ ("BTMU"), LTD., Mitsubishi UFJ Financial Group ("MUFG"), Timothy S. Tracey, Randall C. Chafetz and Anthony Moon (collectively, "Defendants"),[1] by and through undersigned counsel, pursuant to the Initial Conference Order of Honorable Laura T. Swain, hereby set forth the following Proposed Case Scheduling Order and Preliminary Pre-Trial Statement:

**I.      Proposed Case Scheduling Order**

**Fact Discovery**

| | |
|---|---|
| Deadline for Service of First Set of Interrogatories: | April 25, 2011 |
| Deadline for Service of First Set of Document Requests: | April 25, 2011 |
| Deadline for Amendments to Pleadings as of Right: | June 27, 2011 |
| Deadline for Conclusion of Fact Discovery: | September 26, 2011 |

---

[1] Defendants Masahiro Hosomi and Kyota Omori were voluntarily dismissed from this action on June 11, 2010. Hideyuki Toriumi was dismissed from this action by the Court in its Memorandum & Order dated February 9, 2011.

1

**Expert Discovery**

| | |
|---|---|
| Deadline for Plaintiff's Designation of Expert: | October 3, 2011 |
| Deadline for Service of Plaintiff's Expert Report: | October 10, 2011 |
| Deadline for Designation of Defendants' Expert: | October 17, 2011 |
| Deadline for Service of Defendants' Expert Report: | October 24, 2011 |
| Deadline for Completion of Expert Depositions: | November 11, 2011 |

**Summary Judgment**

| | |
|---|---|
| Deadline for Defendants' Motion for Summary Judgment: | November 18, 2011 |
| Deadline for Plaintiff's Opposition to Defendants' Motion: | December 30, 2011 |
| Deadline for Defendants' Reply: | January 13, 2012 |

II.  **Preliminary Pre-Trial Statement**

 a. **A concise statement of the nature of the action**

This is an action for damages based on Plaintiff's allegations of "whistleblower" retaliation pursuant to the Sarbanes-Oxley Act of 2002, 18 U.S.C. § 1514A ("Sarbanes-Oxley"), employment discrimination pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("Section 1981"), New York State Executive Law §§ 290 *et seq.* ("NYSHRL") and New York State Administrative Code §§ 8-101 *et seq*, ("NYCHRL"), unlawful withholding of wages pursuant to New York Labor Law §§ 193 *et seq.*, ("NYLL"), as well as New York State law claims of breach of contract.

 b. **A concise statement of each party's position as to the basis of the Court's jurisdiction of the action, with citations to all statutes relied upon and relevant facts as to citizenship and jurisdictional amount.**

The parties jointly submit that this Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 on account of Plaintiff's claims under Sarbanes-Oxley, Title VII

and Section 1981.  This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

      **c.**      **A concise statement of all material uncontested or admitted facts.**

The following facts are uncontested:

      **i.**      BTMU is a wholly owned subsidiary of MUFG.

      **ii.**      BTMU established, maintains and operates an internal control system.

      **iii.**      BTMU, through its New York branch, is authorized to do business in the State of New York and elsewhere in the United States, where it maintains branches, agencies, representative offices and corporate banking offices. BTMU provides commercial banking services to individuals and corporations.  BTMU maintains an office located at 1251 Avenue of the Americas, New York, NY 10020.

      **iv.**      Defendants Tracey, Chafetz, and Moon all worked for BTMU at its New York branch office located.

      **v.**      Mr. Cloke-Browne is a Caucasian male.

      **vi.**      Mr. Cloke-Browne began employment with BTMU in or around March 2007.

      **vii.**      Mr. Cloke-Browne held the position of Senior Vice President of BTMU's Credit Portfolio Management Division for the Americas ("CPMDA").

      **viii.**      As Senior Vice President of CPMDA, Mr. Cloke-Browne was responsible for expanding CPMDA by improving revenue and increasing the return on risk for BTMU.

      **ix.**      Defendant Tracey was the General Manager of the Credit Group of BTMU at the time Mr. Cloke-Browne was hired.

      **x.**      Defendant Moon was the Chief Risk Officer for BTMU during the time Mr. Cloke-Browne was employed.

      **xi.**      Defendant Moon met or corresponded with Mr. Cloke-Browne to discuss his employment with BTMU.

      **xii.**      Craig Zlotnick, a BTMU attorney, asked Mr. Cloke-Browne to refrain from circulating emails about AIG executives.

      **xiii.**      Mr. Cloke-Browne was terminated effective May 1, 2009.

      **xiv.**    BTMU eliminated the Alternative Credit Investment Business.

      **xv.**    Daisuke Sugo, a man of Japanese ancestry, was not terminated.

      **xvi.**    Mr. Cloke-Browne filed a charge of discrimination with the EEOC on or about August 31, 2009.

      **xvii.**    The EEOC issued a Notice of Right to Sue to Mr. Cloke-Browne dated March 18, 2010.

      **xviii.**    Mr. Cloke-Browne filed a complaint with the U.S. Department of Labor, Occupational Safety & Health Administration ("OSHA") on or about June 26, 2009.

      **xix.**    Plaintiff withdrew his complaint from OSHA on January 11, 2010.

**d.**    **A concise statement of all uncontested legal issues.**

Venue and jurisdiction are uncontested legal issues. In addition, it is uncontested that on June 9, 2010, Plaintiff filed a Notice of Voluntary Dismissal without prejudice with respect to Defendants Masahiro Hosomi and Kyota Omori in both their individual and representative capacities. It is also uncontested that Defendant Hideyuki Toriumi was dismissed from this action by the Court in its Memorandum & Order dated February 9, 2011.

**e.**    **A concise statement of all legal issues to be decided by the Court.**

    **i.**    **Plaintiff's Statement**

        All issues other than venue and jurisdiction are contested and will be determined by the Court and/or a jury.

    **ii.**    **Defendants' Statement**

        1.    Whether the Complaint states a claim for breach of contract against BTMU with respect to Plaintiff's claim for deferred compensation.

        2.    Whether the Complaint states a claim for breach of implied contract against BTMU.

        3.    Whether the Complaint states a claim for violation of the New York Labor Law with respect to Plaintiff's deferred compensation claim.

    4.    Whether the Complaint states a claim for discrimination under Title VII against BTMU and MUFG.

    5.    Whether the Complaint states a claim for discrimination under § 1981 against BTMU and MUFG.

    6.    Whether the Complaint states a claim for discrimination under the New York State Human Rights Law against BTMU and MUFG.

    7.    Whether the Complaint states a claim for discrimination under the New York City Human Rights Law against BTMU and MUFG.

    8.    Whether the Complaint states a retaliation claim under SOX against BTMU, MUFG, Tracey, Chafetz and Moon.

    9.    Whether any of Plaintiff's SOX claims are barred by the applicable statute of limitations.

    10.    Whether MUFG can be held liable under § 1981, Title VII, the NYSHRL, NYCHRL, or SOX for any alleged discriminatory conduct alleged in the Complaint.

    11.    Whether MUFG can be held liable for violation of the New York Labor Law.

    12.    Whether Mr. Cloke-Browne has mitigated his alleged damages.

    13.    Whether Mr. Cloke-Browne may seek punitive damages in this action.

**f.    A concise statement of material disputed facts.**

1.    Except as otherwise provided in section c. above, and in its Answer to the Amended Complaint, Defendants dispute all of the remaining factual allegations of the Amended Complaint

**g.    A concise statement by each plaintiff and each counterclaimant of the legal basis of each cause of action asserted, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such plaintiff or counterclaimant.**

1.    Plaintiff is entitled to relief under Sarbanes-Oxley, as he made complaints and engaged in other oppositional activity related to BTMU and MUFG's engagement in conduct that he reasonably believed constituted shareholder fraud and he was subject to a diminution in

the terms and conditions of employment as a result of such complaints, including but not limited to the termination of his employment. *Gattegno v. Admin. Review Bd.*, 353 Fed. Appx. 498, 500 (2d Cir. 2009)

    2.    Plaintiff is entitled to relief under Title VII, Section 1981, NYSHRL and NYCHRL as he was discriminated against with regard to the terms and conditions of employment on account of his race (Caucasian) and national origin (African-descent), including but not limited to the termination of his employment. *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (U.S. 1973).

    3.    Plaintiff is entitled to relief under NYLL as his deferred compensation amounts to earned wages under §191, which therefore cannot be withheld pursuant to §193.  Defendant BTMU unlawfully withheld these earned wages. *Bentley v. ASM Communications, Inc.*, 1991 U.S. Dist. LEXIS 7855 (S.D.N.Y. June 11, 1991); *Reilly v. Natwest Mkts. Group Inc.*, 181 F.3d 253 (2d Cir. 1999); *Truelove v. Northeast Capital & Advisory, Inc.*, 95 N.Y.2d 220 (N.Y. 2000).

    4.    Plaintiff is entitled to relief as a result of Defendant BTMU's breach of contract. Plaintiff was entitled to earned wages including deferred compensation pursuant to an employment contract.  Defendant BTMU breached the employment contract when such wages were withheld.

    5.    Plaintiff is entitled to relief as a result of Defendant BTMU's breach of implied contract as Plaintiff detrimentally relied on representations in Defendant BTMU's Compliance Handbook that limited Defendant BTMU's right to terminate him at-will.  *Gorrill v. Icelandair/Flugleidir*, 761 F.2d 847, 851 (2d Cir. 1985); *Weiner v. McGraw-Hill*, 57 N.Y.2d 458, 465-466 (N.Y. 1982); *Baron v. Port Auth.*, 271 F.3d 81, 85 (2d Cir. 2001); *Lobosco v. New York Tel.*, 727 N.Y.S.2d 383 (2001).

> **h.     A concise statement of the legal basis of each defense asserted or expected to be asserted by such party, including citations to all statutes, Federal Rules of Civil Procedure, other rules and case law intended to be relied upon by such party.**

1. The Complaint fails to state any claim upon which relief can be granted. Although Mr. Cloke-Browne asserts that he was the victim of discrimination on the basis of his race and national origin, under Title VII, the NYSHRL, the NYCHRL and Section 1981, the alleged acts about which he complains, do not state a viable cause of action for discrimination. Gatto v. Jet Blue Airways, No. 2009 Civ. 983 (LTS)(KNF), 2010 WL 125974 (S.D.N.Y. Jan. 13, 2010); Williams v. Time Warner Inc., No. 09 Civ. 2962 (RJS), 2010 WL 846970, at *3 (S.D.N.Y. Mar. 3, 2010).  To the extent that Plaintiff is seeking to recover for discrimination on the basis of national origin under Section 1981, his claim must be dismissed since Section 1981 does not prohibit discrimination on the basis of national origin.  Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998).

2. Plaintiff has no viable SOX claim since there is no allegation of any conduct that alerted BTMU that he believed the company was violating any federal rule or law related to fraud against shareholders.  Pardy v. Gray, No. 07 Civ. 6324 (LAP), 2008 WL 2756331 (S.D.N.Y. July 15, 2008); Portes v. Wyeth Pharm., Inc., No. 06 Civ. 2689 (WHP), 2007 WL 2363356 (S.D.N.Y. Aug. 20, 2007).

3. Plaintiff has no viable SOX claim against Tracey, Chafetz and Moon because they did not participate in any adverse action against Plaintiff.  Matter of Klopfenstein v. PCC Flow Tech. Holdings, Inc., 2009 WL 6546648 (U.S.D.O.L SAROX), at *5 (Aug. 31, 2009).

4. Most, if not all, of Plaintiff's SOX claims are time-barred since he failed to file a SOX complaint within ninety days of the alleged retaliatory action.  Portes v. Wyeth Pharm.,

7

Inc., No. 06 Civ. 2689 (WHP), 2007 WL 2363356 (S.D.N.Y. Aug. 20, 2007); In re Carter v. Champion Bus, Inc., ARAB No. 05-076, 2006 WL 3246909 (ARAB Sept. 29, 2006).

    5.    Defendant MUFG is not a proper party to this action for several reasons: first, Plaintiff did not name MUFG as a respondent in Plaintiff's EEOC charge and it was not named in the Right to Sue letter, therefore, Plaintiff failed to follow procedural requirements prior to filing a Title VII claim against MUFG, Johnson v. Palma, 931 F.2d 203, 210 (2d Cir. 1991); Knafel v. Pepsi-Cola Bottlers, Inc., 899 F.2d 1473, 1480-81 (6th Cir. 1990); second, Mr. Cloke-Browne cannot take advantage of the identity of interest doctrine since he was represented by counsel at the time that he filed his EEOC charge, Darden v. DaimlerChrysler N. Am., 191 F. Supp. 2d 382 (S.D.N.Y. 2002); and third, MUFG is not Plaintiff's employer, and therefore, has no liability to Plaintiff. Brady v. Calyon Sec. (USA) Inc., 406 F. Supp. 2d 307 (S.D.N.Y. 2005).

    6.    Defendants cannot be liable for breach of contract because Mr. Cloke-Browne was an at-will employee and such a claim does not lie under New York law. Junk v. Aon Corp., No. 07 Civ. 4640 (LMM)(GWG), 2007 WL 4292034 (S.D.N.Y. 2007). Further, the offer letter on which Plaintiff relies as his employment contract, was not breached by BTMU, the only signatory other than Plaintiff to the letter.

    7.    Plaintiff's breach of an implied contract claim fails because Plaintiff did not identify the policy upon which he relies and because policy statements contained in employee manuals or other company policies do not create binding contracts, particularly where there are disclaimers to those policies. Kessler v. Time Warner Cable, 19 Misc.3d 1126A, 2008 N.Y. Slip Op 50860U (Sup. Ct. 2008); Bernhardt v. Tradition N. Am., 676 F. Supp. 2d 301 (S.D.N.Y. 2009); Fraser v. Fid. Trust Co., Int'l, No. 04 Civ. 6958 (PAC), 2009 WL 2601389 (S.D.N.Y. Aug. 25, 2009).

8. Plaintiff did not earn the funds he seeks since he failed to comply with the condition precedent of remaining employed. DeSantis v. Deutsche Bank Trust Co. Ams., Inc., 501 F. Supp. 2d 593 (S.D.N.Y. 2007); Anderson v. Sotheby's, Inc., No. 04 Civ. 8180 (SAS), 2006 WL 1722576 (S.D.N.Y. June 22, 2006); Baraliu v. Vinya Capital L.P., No. 07 Civ. 4626 (MHD), 2009 WL 959578 (S.D.N.Y. Mar. 31, 2009).

9. Section 198-c(2) of the New York Labor Law addresses the payments which Plaintiff seeks and specifically provides that said section does not apply to executives such as Mr. Cloke-Browne. Jacobs v. Claire's Stores, Inc., No. 08 Civ. 4481 (TPG), 2009 WL 2474108 (S.D.N.Y. Aug. 12, 2009); Monagle v. Scholastic, Inc., No. 06 Civ. 14342 (GEL), 2007 WL 766282 (Mar. 9, 2007).

10. BTMU has a firm policy against discrimination in the workplace requiring it to investigate any complaints of discrimination. During his employment with BTMU, Mr. Cloke-Browne did not raise any issue of discrimination

> **i.  A concise statement of the measure of proof and on whom the burden falls as to each cause of action or defense.**

Plaintiff's Statement

Plaintiff must prove all causes of action alleged in the Complaint by a preponderance of the evidence. Defendants must prove all affirmative defenses by a preponderance of the evidence.

Defendants' Statement

1. With regard to plaintiff's claims of discrimination, Plaintiff must establish a *prima facie* case by demonstrating that (1) he is a member of a protected class; (2) he was subject to an adverse employment action; and (3) similarly-situated individuals who were not members of the protected class were treated more favorably. Once plaintiff has established a *prima facie*

case, the burden shifts to defendant to produce a non-discriminatory or non-retaliatory reason for the allegedly adverse employment action. Once defendant has done so, the plaintiff can prevail only by showing that the proffered reason was pretextual and/or that the real reason for the challenged action was discrimination.

    2.    With respect to Plaintiff's claim of breach of contract, Plaintiff, an at-will employee, must establish the existence of a contract and its breach.

    3.    With respect to Plaintiff's claim of breach of implied contract, Plaintiff has the burden of proving that the Defendants' Compliance Handbook, created an implied contract.

    4.    With respect to Plaintiff's claim under the New York Labor Law, Plaintiff bears the burden of proving that he earned the money he seeks and that he is an employee covered by the Labor Law to whom severance is owed.

    5.    With respect to Plaintiff's SOX claim, he must show that his activity was protected and that it was a contributing factor in an unfavorable personnel action. The burden then shifts to the employer to show by clear and convincing evidence that it would have taken the same action in the absence of the employee's whistleblowing activities.   12 U.S.C. § 5567(3).

    **j.**    **Whether and to what extent amendment to pleadings and/or the addition or substitution of parties will be required, and proposed deadlines therefor.**

The parties respectfully request the Court's permission to proceed in accordance with the Proposed Case Scheduling Order, above, which provides for a deadline for amendment of pleadings as of right of June 27, 2011.

    **k.**    **A statement as to whether all parties consent to transfer of the case to a magistrate judge for all purposes, including trial (without identifying which parties have or have not so consented)**

The parties do not consent to a transfer of the case to a magistrate judge for all purposes.

  l. **What, if any, changes should be made in the timing for or requirements for disclosures under Fed. R. Civ. P. 26(a), including a statement as to when any disclosures required under Fed. R. Civ. P. 26(a)(1) were made or will be made.**

The parties respectfully request the Court's permission to proceed in accordance with the Proposed Case Scheduling Order, above.

  m. **The subjects on which disclosure may be needed and a proposed discovery cut-off date.**

Disclosure will be needed as to the surviving causes of action and allegations of Plaintiff's Complaint and any and all allegations and/or defenses set forth in Defendants' Answer. In addition, the parties respectfully request the Court's permission to proceed in accordance with the Proposed Case Scheduling Order, above.

  n. **Whether and to what extent expert evidence will be required, and proposed deadlines for expert discovery.**

The parties reserve the right to retain experts, and respectfully request the Court's permission to proceed in accordance with the Proposed Case Scheduling Order, above.

  o. **What, if any, changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the Local Rules of court, and what other limitations should be imposed.**

No limitations should be made on discovery under the Fed. R. Civ. P. or the Local Rules of Court. The parties respectfully request the Court's permission to proceed in accordance with the Proposed Case Scheduling Order, above.

  p. **The status of settlement discussions and the prospects for settlement of the action in whole or in part, <u>provided</u> that the Preliminary Pre-Trial Statement must not disclose to the Court specific settlement offers or demands.**

The parties have had preliminary settlement discussions and have agreed that discovery would assist the parties in evaluating the prospects for settlement. Furthermore, the parties are

11

scheduled for mediation on April 4, 2011, at the Court's Mediation Office, 233 Broadway, New York, NY.

    **q.    A statement by each party as to whether the case is to be tried with or without a jury, and the number of trial days expected to be needed for presentation of that party's case.**

To the extent that a jury trial is legally permissible, the case will be tried to a jury. The parties each expect 5 days for their case-in-chief.

    **r.    Any other orders that should be entered by the Court under Fed. R. Civ. P. 26(c) or Fed. R. Civ. P. 16(b) and (c).**

The parties do not currently request any additional orders.

                    Respectfully submitted,

| THOMPSON WIGDOR & GILLY LLP | SEYFARTH SHAW LLP |
|---|---|
| By: /s/ Douglas H. Wigdor | By: /s/ Peter A. Walker |
| Douglas H. Wigdor | Peter A. Walker |
| David E. Gottlieb | Lori M. Meyers |
| 85 Fifth Avenue | 620 Eighth Avenue |
| New York, New York 10003 | New York, New York 10018 |
| Phone: (212) 257-6800 | Phone: (212) 218-5500 |
| Facsimile: (212) 257-6845 | Facsimile: (212) 218-5526 |
| dwigdor@twglaw.com | pwalker@seyfarth.com |
| dgottlieb@twglaw.com | lmeyers@seyfarth.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |