UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

CHRISTOPHER CLOKE-BROWNE,

        Plaintiff,

    v.

BANK OF TOKYO-MITSUBISHI UFJ, LTD.,
MITSUBISHI UFJ FINANCIAL GROUP, TIMOTHY S.
TRACEY, RANDALL C. CHAFETZ, and ANTHONY
MOON in their official and individual capacities,

        Defendants.

------------------------------------- x

Case No. 10-cv-02249 (LTS)

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 01 JUL 2011

## STIPULATION AND CONSENT ORDER
## GOVERNING CONFIDENTIALITY AND PRIVILEGE

Plaintiff Christopher Cloke-Browne ("Plaintiff") and Defendants The Bank of Tokyo-Mitsubishi UFJ, Ltd. ("BTMU"), Mitsubishi UFJ Financial Group ("MUFG"), Timothy S. Tracey ("Tracey"), Randall C. Chafetz ("Chafetz"), and Anthony Moon ("Moon") (collectively "Defendants"), through their respective counsel, have stipulated and consented to the entry of this Stipulation and Consent Order Governing Confidentiality and Privilege (the "Order"), pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information, to avoid inadvertent waiver of any privilege, and to facilitate discovery.

IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff and Defendants and their respective attorneys, as follows:

    1.    This Order governs the use and handling of documents, electronically stored information, responses to document requests, interrogatories, requests for admissions, or other information requests, deposition testimony, exhibits and other written, recorded, graphic, or other

13374512v.1

matter produced in the above-captioned action ("Discovery Material"). Discovery Material which has been designated "Confidential" and/or information derived from Discovery Material which has been designated "Confidential" is referred to herein as "Confidential Material."

2. Any of the Parties may designate as "Confidential" any Discovery Material which it produces in response to document requests or interrogatories served in this proceeding when such Party in good faith believes that the Discovery Material contains sensitive, non-public financial or business information, security, personal, and personnel information of employees and former employees not parties to this action, information of a personal or intimate nature regarding any individual, medical, commercial or proprietary business information relating to any Party, any current or former employee of any Party; any current or former customer or contractor of any Party; the public disclosure of which may have an adverse effect on the personal, financial, commercial or business reputation of such Party or current or former employees, customers or contractors of such Party; or any other category of information hereinafter given confidential status by the Court.

3. Confidential Material shall be used only for the prosecution and/or defense of this action including through the exhaustion of any appeals or retrials.

4. Under no circumstances other than those specifically provided for in this Order, as otherwise required by law, or with the express and specific consent in writing of the party which produced the Confidential Material (the "Producing Party") shall a party receiving Confidential Material (the "Receiving Party") in any way whatsoever reveal, disclose, or otherwise make known Confidential Material to any person other than the following:

    (a) counsel of record in this action for the Receiving Party and employees, agents and contractors of such counsel assisting in the conduct of this action;

    (b) expert witnesses, , potential expert witnesses, and/or consultants provided

2

13374512v.1

such expert witnesses, potential expert witnesses, and/or consultants first agree in writing in the form attached hereto to be bound by the terms of this Order and confirm that they have read the Order in its entirety;

(c) prospective third party witnesses from whom the Receiving Party, in good faith, intends to elicit testimony relating to such Confidential Material, in deposition, at trial, or in affidavit form, provided such anticipated witnesses first agree in writing in the form attached hereto to be bound by the terms of this Order and confirm that they have read the Order in its entirety;

(d) the personnel of the Court in which this action has been filed in the ordinary course of this action; and

(e) court reporters who record testimony taken in the course of this litigation.

5. Discovery Material may be designated "Confidential" by placing the legend "Confidential" on each page prior to production or, with respect to a multi-page document, by placing the legend "Confidential" on the first page of the document, provided that the multi-page document is securely bound. Deposition testimony may be designated as "Confidential" by providing notice at the deposition or as soon as practicable thereafter that all or specified portions of the deposition testimony shall be treated as Confidential Material.

6. An inadvertent failure to designate any Discovery Material as "Confidential" pursuant to Paragraph 5 may be corrected by written notice to the Receiving Party given as soon as practicable. However, such written notice shall not prejudice the right of the Receiving Party to treat the Discovery Material as non-confidential during the period in which it was not designated as "Confidential" pursuant to this Order.

7. Any party who either objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection or request. If agreement cannot be reached promptly, any party may, on reasonable notice not less than five (5) business days, apply for appropriate rulings from the Court. In the event of such application, the burden will be on the

party asserting confidentiality to satisfy the standards for a protective order set out in the Federal Rules of Civil Procedure and applicable case law. Confidential Material shall remain confidential until otherwise ordered by the Court.

8. Any reproductions, summaries or abstracts of Confidential Material shall be treated in the same manner as the originals.

9. This Order has no effect upon, and its scope shall not extend to, any Producing Party's use of its own Confidential Material or any Receiving Party's use of material not obtained in the discovery process herein.

10. This Order shall not prohibit any Party hereto from responding to court issued subpoenas that are valid and enforceable under the law applicable to this proceeding and issued by a court having jurisdiction over the Party receiving the subpoena, *provided* that the Party receiving such subpoena shall have first given prompt written notice of such subpoena, and provided a copy of it to the producing Party and does not produce confidential material until the producing Party has had a reasonable period of time not less than five (5) business days, if possible, to make an application to stay, quash or modify any such subpoena. Any Party who receives such a subpoena must immediately provide a copy of the subpoena to all other Parties upon receipt of the subpoena.

11. Nothing in this Order shall prevent any party from seeking or requiring confidentiality protections beyond those called for in this Order.

12. Upon conclusion of this action and any appeals thereof, all Confidential Material and all copies thereof, together with any written agreement signed by an individual to whom Confidential Material was disclosed pursuant to Section 4(b) and 4(c) of this Order, shall, at the

4

request of the Producing Party, be returned to counsel of record for the Producing Party within thirty (30) days of the request of the Producing Party.

13. Pursuant to Rule 502 of the Federal Rules of Evidence, the inadvertent disclosure of communications, documents, or information protected by the attorney-client privilege, work product doctrine, or any other privilege ("Privileged Material") shall not constitute a waiver of any privilege or other protection. In the event of the inadvertent disclosure of Privileged Material, the producing party shall be deemed to have taken reasonable steps to rectify the error of the disclosure if, within thirty (30) days from the date that the inadvertent disclosure was discovered or brought to the attention of the producing party, the producing party notifies the receiving party of the inadvertent disclosure and instructs the receiving party to promptly sequester, return, delete, or destroy all copies of the inadvertently produced Privileged Material (including any and all work product containing such Privileged Material). Upon receiving such a request from the producing party, the receiving party shall promptly sequester, return, delete, or destroy all copies of such inadvertently produced Privileged Material (including any and all work product containing such Privileged Material), and shall make no further use of such Privileged Material (or work product containing such Privileged Material). The receiving party also has an affirmative obligation to notify the producing party if it receives communications, documents, or information that appear to constitute Privileged Material.

14. The parties will provide privilege logs for protected materials withheld for attorney-client privilege or pursuant to the work product doctrine (or other privileges or doctrines). The privilege logs shall contain names extracted from the topmost e-mail message or hard copy document (To, From, CC, BCC), the date of the topmost e-mail or document, and the basis for the assertion of a privilege or other protection. The producing party shall provide a

privilege log for all withheld e-mail or hard-copy documents or other materials, including redacted materials, with the exception that attorney-client privileged communications and attorney work product created by counsel for the parties or on behalf of counsel for the parties after the initiation of and in furtherance of this action need not be included in the privilege log. The producing party shall create a single log entry for each e-mail chain or string. A producing party's logging of the topmost e-mail shall be deemed to assert protection for all of the Privileged Material in an e-mail string or chain, including multiple redactions or multiple segments.

15. This Order may be executed by counsel for the parties hereto, or the parties themselves, in separate counterparts, each of which when so executed and delivered shall be an original but all such counterparts together shall constitute one and the same instrument.

Respectfully submitted,

Dated: New York, New York
June ___, 2011

| THOMPSON WIGDOR LLP | SEYFARTH SHAW LLP |
|---|---|
| By: *[signature]* | By *[signature]* |
| Douglas H. Wigdor | Peter A. Walker |
| [dwigdor@thompsonwigdor.com] | [pwalker@seyfarth.com] |
| David E. Gottlieb | Lori M. Meyers |
| [dgottlieb@thompsonwigdor.com] | [lmeyers@seyfarth.com] |
| 85 Fifth Avenue | 620 Eighth Avenue, 32nd Floor |
| New York, New York 10003 | New York, New York 10018 |
| (212) 257-6800 (phone) | (212) 218-5500 (phone) |
| (212) 257-6845 (fax) | (212) 218-5526 (fax) |
| *Counsel for Plaintiff* | *Counsel for Defendants* |
| Dated: June 28, 2011 | Dated: June 29, 2011 |
| New York, New York | New York, New York |

SO ORDERED:

*[signature]*

The Honorable Laura T. Swain
United States District Judge

Dated: ~~June~~ July 1, 2011

13374512v.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x
                                      :
CHRISTOPHER CLOKE-BROWNE,              :
                                      :
           Plaintiff,                  :   Case No. 10-cv-02249 (LTS)
                                      :
     v.                                :
                                      :
BANK OF TOKYO-MITSUBISHI UFJ, LTD.,    :
MITSUBISHI UFJ FINANCIAL GROUP, TIMOTHY S. :
TRACEY, RANDALL C. CHAFETZ, and ANTHONY :
MOON in their official and individual capacities, :
                                      :
           Defendants.                 :
------------------------------------- x

## ACKNOWLEDGEMENT

I, _____, hereby acknowledge that I have read the Stipulation and Consent Order Governing Confidentiality and Privilege entered on _____, in connection with the above-captioned case, and am familiar with its terms.

The undersigned further acknowledges that he/she fully understands the provisions of the Stipulation and Consent Order Governing Confidentiality and Privilege, agrees to be bound by those provisions, and has been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt of Court.

_____
Signature

Dated: _____

13374512v.1